# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY T. MOORE, JR., | ) |
| Petitioner, | ) |
| vs. | ) Case No. 18-CV-2089-SMY |
| USA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Petitioner Anthony T. Moore, Jr. moves to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 setting forth 31 grounds for relief. Now pending before the Court is Respondent's Motion to Dismiss (Doc. 6) and Petitioner's Motion for Status (Doc. 11). For the following reasons, the Motion to Dismiss is **GRANTED** and the Motion for Status is **DENIED as MOOT**.

On October 10, 2014, Moore was sentenced to 235 months' incarceration after he was convicted by a jury of interference with commerce by robbery in violation of 18 U.S.C. §§ 1951 and 1952. *See United States v. Moore*, Case No. 13-CR-30212-DRH-1. His federal sentence was imposed to run consecutively to a 38-year sentence imposed by state court.[1] Moore timely appealed his federal conviction. *United States v. Moore*, 784 F.3d 398 (7th Cir. 2015). On April 24, 2015, the Seventh Circuit Court of Appeals affirmed the judgment and sentence. *Id*. Moore did not file a writ of certiorari before the United States Supreme Court.

A federal prisoner has one year from the date on which his judgment became final to file a

---

[1] Moore was sentenced to 34 years' imprisonment for attempted murder and aggravated battery followed by 4 years' imprisonment for possession with intent to deliver a controlled substance. *United States v. Moore*, 784 F.3d 398, 402 (7th Cir. 2015).

§ 2255 motion. *Clay v. United States*, 537 U.S. 522, 524-25 (2003); *Lombardo v. United States*, 860 F.3d 547, 551 (7th Cir. 2017); 28 U.S.C. § 2255(f)(1). A judgment is "final" for purposes of § 2255(f)(1) when the Supreme Court affirms the federal appellate court, denies certiorari, or the time to file a writ of certiorari lapses. *Clay*, 537 U.S. at 527 ("Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). *See* S. Ct. Rule 13 (stating that a petition for writ of certiorari must be filed within 90 days after entry of judgment). Thus, Moore's § 2255 petition is untimely. His conviction became final after the time for filing a writ of certiorari expired – in this case, on July 23, 2015. He did not file his §2255 motion until November 13, 2018, at least 2 years late.

Moore concedes that his motion is untimely but argues that the limitations period should be equitably tolled. The limitations period can be equitably tolled if he can show: "(1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lombardo*, 860 F.3d at 551-552. In his Motion, Moore asserts: "Year 2015 attorney refused to file, 2016 and 2017 Movant was housed isolation and denied adequate library access to be able to complete any motion/petition or application of any kind." (Doc. 1, p. 7). More specifically, he claims that he thought his attorney would file a direct appeal and that he "waited almost 2 years" before questioning his attorney about post-conviction relief (*Id*. p. 10).[2] He further asserts that he was held in "punitive hold" during the end of 2016 and did not have access to the law library or a computer (*Id*.). Finally, he states that he only learned a few months prior to filing his §2255 Motion that he needed to file one (*Id*.).

As Respondent points out, Moore's incarceration did not prevent him from filing four

---

[2] Petitioner's trial attorney, Assistant Public Defender Thomas C. Gable, stated at Petitioner's sentencing that a notice of appeal would be filed. As noted above, a direct appeal was in fact filed.

lawsuits in 2017: *Moore v. Scott*, 17-cv-1153-JPG, *Moore v. Phillips*, 17-cv-1143-SMY, *Moore v. Securus Technologies, Inc.*, 17-cv-1285-JPG, and *Moore v. Keefe Supply Company*, 17-cv-1386-JPG, in addition to various *pro se* motions filed from June 2016 to September 2017 related to his state convictions. While Moore states that he only signed the lawsuits and did not actually draft them, it is clear that he had access to the tools necessary to file pleadings. And, his filings in state court and the statements made in his response to the Motion to Dismiss (Doc. 7) demonstrate an understanding of how procedural rules and case law apply to the facts of his case.

Moore is not entitled to the extraordinary relief of equitable tolling. While lack of access to a library may constitute an extraordinary circumstance that would toll the limitations period, Moore's failure to file a timely §2255 Motion was not due to lack of resources. His mistaken belief as to the deadline for seeking relief prevented him from filing a timely § 2555 Motion. *Robinson v. United States*, 416 F.3d 645, 650 n.1 (7th Cir. 2005) ("a mistaken understanding about the deadline for filing is not grounds for equitable tolling").

Accordingly, the Motion to Dismiss (Doc. 6) is **GRANTED**, the Motion for Status is **DENIED as MOOT** (Doc. 11), and Petitioner's Motion for Relief Pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DISMISSED with prejudice**. The Clerk of Court is DIRECTED to enter judgment accordingly.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Cases instructs the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. §2253(c)(2), a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." To meet this standard, the petitioner "must have a constitutional claim (or an underlying procedural argument on which a

constitutional claim depends), and he must 'demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.'" *United States v. Fleming*, 676 F.3d 621, 625 (7th Cir. 2012), *Tennard v. Dretke*, 542 U.S. 274, 281 (2004), *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the foregoing reasons, the Court has determined that Moore did not timely file his Motion and no reasonable jurist would find that conclusion debatable or wrong. Thus, Moore has not made a "substantial showing of the denial of a constitutional right," and a certificate of appealability will not be issued.

**IT IS SO ORDERED.**

**DATED: March 31, 2020**

**STACI M. YANDLE
United States District Judge**